UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X          <u>For Online Publication Only</u>
VICTOR FERREIRA,

                            Appellant,          **<u>ORDER</u>**
                                         22-CV-02182 (JMA)

           -against-

RICHARD L. STERN, *Chapter 7 Trustee*,

                            Appellee.
-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Victor M. Ferreira ("Ferreira" or "Appellant") appeals from an order of the United States

Bankruptcy Court for the Eastern District of New York, dated April 1, 2022, denying his motion

for reconsideration (the "Reconsideration Order") of a previous order, dated December 16, 2021

(the "Distribution Order"). The Distribution Order authorized Richard L. Stern, Chapter 7 Trustee

("Trustee" or "Appellee") of the estates of Big Apple Energy LLC ("Big Apple") and Clear Choice

Energy LLC ("Clear Choice," and together, the "Debtors"), to pay certain tax claims filed against

the Big Apple estate. For the following reasons, the Reconsideration Order is AFFIRMED.

## I.      BACKGROUND

      The following facts and procedural history are derived from the parties' briefs and the

bankruptcy record on appeal. Familiarity with the record in the underlying proceedings is

assumed, and the Court recounts only those facts necessary to resolve this appeal.

      On August 27, 2018, Debtors filed voluntary petitions for reorganization pursuant to

Chapter 11 of the U.S. Bankruptcy Code. (R.[1] 270.) Ferreira is the sole member of both Debtors.

(R. 269.) By order entered on December 11, 2018 and amended on December 12, 2018, Debtors'

---

[1]      Citations to "R." refer to the corresponding numbered pages of the Bankruptcy Record on
Appeal (ECF No. 3).

cases were converted to Chapter 7 (the "Conversion Order"). (R. 270.) Prior to the Conversion Order, Big Apple's estate had not paid withholding taxes owed to the IRS that were incurred during the Chapter 11 proceeding (the "Taxes"). (Id.) As a result, on October 4, 2018, the Bankruptcy Court directed Ferreira to "segregate from collections" of the Big Apple estate's funds that may be owing for the Taxes, and Ferreira placed approximately $83,000 in a subaccount earmarked for the Taxes (the "Segregated Funds"). (Id.) Once the Debtors' cases were converted to Chapter 7, the Segregated Funds were turned over to the Trustee. (Id.)

The IRS filed two proofs of claim against the Big Apple estate for the Taxes, in the total amount of $74,977.85. (R. 271; see also R. 59–64.) Specifically, on May 6, 2019, the IRS filed Claim No. 48 for $48,048.95 in withholding taxes for the tax period ending December 31, 2018, which "include[d] interest and penalty computed to 12/17/2018," and noted that "[c]ompound interest will accrue at the rate established under IRC Section 6621(a) and late payment penalty will be charged under IRC Section 6651." (R. 64.) On June 5, 2020, the IRS filed amended Claim No. 1-3 for $26,928.90 in withholding taxes ($24,968.01 in taxes, plus interest as of the petition date of $1,960.89) and $14,040.00 in partnership taxes. (R. 61–63.) On April 4, 2019, the New York State Department of Taxation and Finance, Bankruptcy Unit ("NYS") filed amended Claim No. 10-2 against the Big Apple estate in the amount of $17,963.23, which included $16,260.16 in withholding taxes, $1,137.90 in penalties, and $565.17 in interest. (R. 66.) This claim stated that "[a]dditional penalty and interest will accrue if paid after 4/13/2019." (Id.)

In February 2021, because the Taxes had not been paid, the IRS sent a letter to Ferreira notifying him of a proposed penalty to be assessed against him—as the "person responsible" for the Taxes—in the amount of $54,803.47.[2] (R. 85–89.) In May 2021, because the Taxes remained

---

[2]    26 U.S.C. § 6672(a) provides in relevant part that:  "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such

unpaid, the IRS assessed penalties against Ferreira in the amounts of $18,191.85 and $36,611.62, for a total of $54,803.47 (the "IRS Penalties"). (R. 95–96.)

After the Trustee initiated adversary proceedings against Ferreira on behalf of the Debtors' estates, Ferreira and the Trustee reached a settlement. On October 7, 2021, the Bankruptcy Court entered the parties' Stipulation and Order, (R. 68, the "Ferreira Stipulation"), which reflected the terms of their settlement. As relevant here, the Ferreira Stipulation explains that "[d]uring the [C]hapter 11 proceeding, the Big Apple Estate incurred tax obligations owed to [the IRS] on account of outstanding withholding taxes (the 'IRS Tax Obligations')." (R. 70.) The Ferreira Stipulation further states that:

> [o]n account of the IRS Tax Obligations, the IRS filed claim no. 1-3 and claim no. 48 in the Big Apple Estate (collectively, the "IRS Claims"). The IRS Claims consist of: i) claim no. 1-3 in the amount of $26,928.90 under Bankruptcy Code § 507(a)(8)1, and ii) claim no. 48 in the amount of $48,048.95 as chapter 11 administrative claim, both on account of outstanding withholding taxes for an aggregate amount of $74,977.85.

(Id.) The Ferreira Stipulation also defines the "NYS Claim" as the Chapter 11 Claim No. 10 in the amount of $17,963.23 filed in the Big Apple Estate. (R. 70–71.)

Thus, the Ferreira Stipulation clearly defined the IRS Claims and the NYS Claim by reference to the specific amounts of withholding taxes owed, as listed in the IRS and NYS tax claims that had been filed against the Big Apple estate in 2019. The specific amounts referenced in the Ferreira Stipulation did not account for any additional penalties or interest that could have potentially accrued since the claims at issue were filed against the Big Apple estate. The Ferreira Stipulation also provided that the Trustee would pay the IRS Claims and NYS Claim with the Segregated Funds and, if necessary, additional funds from the Big Apple estate. (R. 73.)

---

tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

On November 8, 2021, the Trustee filed a motion seeking entry of an order authorizing the Trustee to pay the IRS Claims and NYS Claim (the "Distribution Motion").  (R. 6–17.)  The Distribution Motion defines the IRS Claims and NYS Claim according to the definitions within the Ferreira Stipulation, (R. 14), set forth above, and requests approval for the Trustee to pay the IRS and NYS Claims to "prevent th[e] Big Apple Estate from incurring any further penalties and/or interest from the IRS and the NYS to determent of its creditors."  (R. 15.)  Ferreira did not file an objection to the Distribution Motion, despite the Trustee's notice that "objections, if any, to the [Distribution] Motion must be in writing, conform with Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor and be filed with the Court no later than December 7, 2021 by 5:00 p.m[.]"  (R. 7.)

On December 14, 2021, the Bankruptcy Court held a hearing on the Distribution Motion (the "Hearing").  At the Hearing, Ferreira, appearing pro se, asked the Bankruptcy Court to address "an additional $55,000 in penalties that have been assessed to the estate," apparently in reference to the IRS Penalties assessed against him personally.  (R. 31.)  Ferreira wanted the Trustee to pay the IRS Penalties with the Segregated Funds and, if necessary, funds from the Big Apple estate.

On December 16, 2021, the Bankruptcy Court granted the Distribution Motion and signed a Distribution Order.  (R. 21–23.)  The Distribution Order authorized the Trustee to pay the IRS Claims and NYS Claim "in full and final satisfaction" of those claims against the Big Apple estate.  (R. 23.)  The Distribution Order defined the IRS Claims precisely as they were previously defined in the Ferreira Stipulation and the Distribution Motion.  (R. 21.)

Because the Distribution Order did not direct the Trustee to pay the IRS Penalties on Ferreira's behalf, Ferreira moved for reconsideration.  (R. 42.)  The Bankruptcy Court denied his motion on April 1, 2022, (R. 251), and this appeal followed.

4

## II.    STANDARD OF REVIEW

District courts have appellate jurisdiction over "final judgments, orders, and decrees" entered in bankruptcy court.  28 U.S.C. § 158(a); Boyce v. Citibank, N.A., No. 15-CV-07408, 2017 WL 87066, at *3 (E.D.N.Y. Jan. 10, 2017), aff'd sub nom. In re Boyce, 710 F. App'x 44 (2d Cir. 2018).  On appeal, a district court reviews the legal conclusions of a bankruptcy court "de novo and its factual findings for clear error."  Wenegieme v. Macco, No. 17-CV-1218, 2018 WL 334032, at *2 (E.D.N.Y. Jan. 9, 2018) (citing In re Bayshore Wire Prods. Corp., 209 F.3d 100, 103 (2d Cir. 2000)).  "A finding is 'clearly erroneous' when, on consideration of the record as a whole, the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'"  Bongiovanni v. Grubin, No. 15-CV-2617, 2016 WL 4059349, at *3 (E.D.N.Y. July 28, 2016) (quoting Zervos v. Verizon New York, Inc., 252 F.3d 163, 168 (2d Cir. 2001)).

"Motions to vacate, alter, or reconsider a bankruptcy court's decisions or findings are governed by Federal Rules of Civil Procedure 52(b), 59(e), and 60(b), which apply to adversary proceedings through Federal Rules of Bankruptcy Procedure 7052, 9023, and 9024, respectively." In re Emmons-Sheepshead Bay Dev., LLC, 662 F. App'x 100, 103 (2d Cir. 2016).  A district court reviews the bankruptcy court's rulings on motions for reconsideration under Rules 59 and 60 for abuse of discretion.  Id.

Reconsideration under Rule 59(e), "made applicable here by Bankruptcy Rule 9023, is merited when there has been a clear error or manifest injustice in an order of the court or if newly discovered evidence is unearthed."  In re Emmons-Sheepshead Bay Dev. LLC, 518 B.R. 212, 220 (E.D.N.Y. 2014) (quoting Bace v. Babitt, No. 11-CV-6065, 2012 WL 2574750, at *4 (S.D.N.Y. July 3, 2012)); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (explaining that the standard for reconsideration is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—

matters, in other words, that might reasonably be expected to alter the conclusion reached by the court") (citations omitted).

Rule 60(b), which applies in bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 9024, permits a bankruptcy court to "relieve a party or its legal representative from a final judgment, order, or proceeding for mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Since [Rule] 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances." In re Pinnock, 833 F. App'x 498, 501 (2d Cir. 2020) (quoting Cent. Vt. Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003)). "[A]n appeal from an order denying a Rule 60(b) motion brings up for review only the denial of the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal." In re Mader, No. 19-CV-2048, 2021 WL 1729472, at *7 (E.D.N.Y. Mar. 31, 2021) (quoting Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010)).

A motion brought under Rule 59(e) or 60(b) "is not a vehicle for relitigating old issues . . . securing a rehearing on the merits, or otherwise taking a second bit at the apple." Id. (quoting Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)).

## III.   DISCUSSION

The gravamen of Ferreira's appeal is that the Bankruptcy Court erroneously interpreted the terms "IRS Claims" and "NYS Claim," as used in the Ferreira Stipulation and Distribution Motion. Specifically, he contends that because IRS Claim No. 48 notes that a "late payment penalty will be charged," (R. 64), and the NYS Claim states that "[a]dditional penalty and interest will accrue if paid after 4/13/2019," (R. 66), the Distribution Order should have required the Trustee to pay the IRS Penalties assessed against him with the Segregated Funds and funds from the Big Apple estate, if necessary.

On appeal, Ferreira argues that the Reconsideration Order should be reversed because "the Bankruptcy Court overlooked legal and factual matters, failed to avoid manifest injustice, and disregarded that his motion for reconsideration should have been granted due to 'mistake' and 'excusable neglect.'"  (Appellant Br. at 11, ECF No. 4.)  He also contends that the Bankruptcy Court erred in excluding his reply papers under Federal Rule of Evidence 408.  (Id. at 13.)  He seeks an order directing the Bankruptcy Court to require the Trustee to pay the IRS Penalties with funds from the Big Apple estate.  (Id. at 1.)

**A.**   **The Bankruptcy Court's Denial of Reconsideration Under Rule 59(e)**

Ferreira asserts several arguments in support of his appeal of the Reconsideration Order's denial of his Rule 59(e) motion.  The Court addresses each in turn.

First, Ferreira argues that the Bankruptcy Court "abused its discretion by erroneously ruling that (i) the IRS and NYS, including in the proofs of claim that they filed, did not seek interest and penalties due on the Taxes, and (ii) the Trustee's underlying Distribution Motion did not seek approval to pay interest and penalties."  (Appellant Br. at 15.)  Neither contention has merit.

Ferreira's argument rests on a mistaken reading of the clear terms of the Ferreira Stipulation—specifically, the definition of the IRS Claims and NYS Claim in that stipulation.  As set forth above, the Ferreira Stipulation specifically defines the "IRS Claims" as "claim no. 1-3 in the amount of $26,928.90," and "claim no. 48 in the amount of $48,048.95," "both on account of outstanding withholding taxes for an aggregate amount of $74,977.85." (R. 70 (emphases added).) The Ferreira Stipulation also defines the "NYS Claim" as the Chapter 11 administrative claim, "designated as claim no. 10 in the amount of $17,963.23 in the Big Apple Estate[.]"  (R. 71 (emphasis added).)

Ferreira is correct that IRS Claim No. 48 (R. 64) and NYS Claim No. 10 (R. 66), which were filed against the Big Apple estate, each reserved the right to impose penalties based on late

7

payment.  This is irrelevant, however, because the Ferreira Stipulation only authorized the Trustee to pay the <u>specific</u> amounts provided in the Stipulation, and later, in the Distribution Motion. Therefore, even assuming, as Ferreira contends, that "as a matter of law, interest and penalties were due on all three of the IRS and NYS Claims" against the Big Apple estate, the Reconsideration Order correctly determined that "[t]he Trustee's Distribution Motion specifically requested to pay the IRS $74,977.85 and NYS $17,962.23."  (R. 277.)  Those amounts were the claim amounts specifically incorporated into the definitions of the IRS Claims and NYS Claim in the Ferreira Stipulation and Distribution Motion.  (<u>Id.</u>)  Ferreira has not presented any factual or legal issues overlooked by the Bankruptcy Court that would warrant reconsideration, nor is the Court "left with the definite and firm conviction that a mistake has been committed." <u>Bongiovanni</u>, 2016 WL 4059349, at *3 (citation omitted).

     <u>Second</u>, Ferreira contends that the Bankruptcy Court "clearly erred" in finding that the IRS Penalties were assessed against Ferreira personally.  (Appellant Br. at 19.)  The Court disagrees.

     The plain terms of the notices of the IRS Penalties that Ferreira received specifically identify Ferreira as the "person responsible" for any Trust Fund Recovery Penalty ("TRFP") imposed.  (R. 153.)  As the notices explain, the IRS "charged [Ferreira] the [TRFP] for willfully failing to collect, account for, pay over, or otherwise evade employment taxes."  (R. 166.)  Ferreira himself was "subject to this penalty because [he] [was] a person responsible for collecting, truthfully accounting for, or paying over employment taxes for the entity[.]"  (<u>Id.</u>)  Additionally, the IRS cited its authority under 26 U.S.C. § 6672 to impose penalties against Ferreira personally for failing to pay withholding taxes.  (R. 82.)  Thus, Reconsideration Order did not clearly err in finding that the IRS Penalties were asserted against him personally.  And, for the same reasons discussed above, because the Court rejects Ferreira's interpretation of the "IRS Claims" and "NYS Claim," the Court disagrees that the Bankruptcy Court clearly erred in finding that the Ferreira

Stipulation did not contemplate payment of the IRS Penalties personally assessed against Ferreira.

  <u>Third</u>, Ferreira argues that the Reconsideration Order should be reversed to prevent "manifest injustice," as it was "unjust for the [Big Apple E]state to not pay [the Taxes], especially when Ferreira had provided notice that the IRS would seek to collect any such unpaid amounts from Ferreira, and the Trustee's counsel had indicated that it would arrange to pay these amounts." (Appellant Br. at 22.)  However, the Court agrees with the Trustee that denial of Ferreira's motion for reconsideration will not result in a "manifest injustice."  (Appellee Br. at 18–19.)  As the Trustee correctly argues, "[t]he manifest injustice would be [the Estate] paying personal penalties which were incurred because of [Ferreira]'s own failure to pay the withholding taxes while acting as an officer of the debtor-in-possession (prior to the entry of the Conversion Order and Appellee's appointment)."  (<u>Id.</u> at 19.)  Likewise, as the Trustee points out, the Trustee's payment of "non-debtor liabilities" with funds from the Big Apple estate, including the tax penalties assessed personally against Ferreira, "would be to the detriment of the creditors of the Big Apple estate." (<u>Id.</u>)  Moreover, Ferreira provides no authority that would permit the Bankruptcy Court to disregard the clear terms of the Ferreira Stipulation, and the subsequent Distribution Motion, in order to avoid this alleged "manifest injustice."

  <u>Fourth</u>, and finally, Ferreira asserts that the Bankruptcy Court erred to the extent that it denied reconsideration based on its determination that he had raised new arguments for the first time in his motion for reconsideration.  (Appellant Br. at 25.)  He argues that denial of reconsideration on this basis "clearly was erroneous, both factually and legally, because the [Reconsideration] Order overlooked that [he] properly attempted to raise these issues at the Distribution Motion hearing and he should not have been barred from raising these issues on reconsideration when he did not realize—until he appeared at the Distribution Motion hearing—that the Trustee was not seeking to pay the [IRS Penalties] due on the Taxes."  (<u>Id.</u> at 25–26.)

However, Ferreira cannot avoid the fact that the Trustee's notice of the Distribution Motion provided a clear warning to all interested parties that "objections, if any, to the [Distribution] Motion must be in writing, conform with Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor and be filed with the Court no later than December 7, 2021 by 5:00 p.m[.]"  (R. 7.)  Having received clear notice of these requirements, and in light of Local Bankruptcy Rule 9013-1(b), the Court does not find that the Bankruptcy Court's decision to reject Ferreira's arguments as improperly raised "cannot be located within the range of permissible decisions."  In re Mader, 2021 WL 1729472, at *4 (quoting E.E.O.C. v. KarenKim, Inc., 698 F.3d 92, 99–100 (2d Cir. 2012)).  Indeed, although pro se litigants are accorded "'special solicitude' to protect them from 'inadvertent forfeiture of important rights because of their lack of legal training,'" the "solicitude for pro se litigants does not require [the Court] to excuse failure to comply with understandable procedural rules and mandatory deadlines." Kotler v. Jubert, 986 F.3d 147, 156 (2d Cir.) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006)), cert. denied, 142 S. Ct. 598 (2021); see also Caidor v. Onondaga Cty., 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them.") (citation omitted).

In any event, even if the Bankruptcy Court erred in denying Ferreira's Rule 59(e) motion on this basis, the Bankruptcy Court still proceeded to consider all of these arguments on the merits under Rule 60(b).  (R. 115–16.)  And, as explained above, none of those arguments establish that the Bankruptcy Court erred.

For these reasons, the Court concludes that the Bankruptcy Court did not abuse its discretion in denying reconsideration under Rule 59(e).

## B.    The Bankruptcy Court's Denial of Reconsideration Under Rule 60(b)

Ferreira argues that "there is clear evidence of grounds for reconsideration under Rule

60(b)(1), . . . due to the court having made multiple mistakes of fact and Ferreira having established excusable neglect in failing to file a written objection to the Distribution Motion."  (Appellant Br. at 33.)

First, for the same reasons that the Court finds no abuse of discretion in the Bankruptcy Court's rejection of Ferreira's arguments under Rule 59(e), as discussed above, it likewise finds no "mistake" by the Bankruptcy Court presenting the "exceptional circumstances" required to merit reconsideration under Rule 60(b).  In re Pinnock, 833 F. App'x at 501 (citation omitted).

Second, the Court finds that Ferreira has not demonstrated that his failure to file written objections to the Distribution Motion constitutes "excusable neglect."  A Rule 60(b) motion based on a party's excusable neglect "is a 'mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances.'"  Lawtone-Bowles v. Brown, No. 21-1242, 2022 WL 839280, at *1 (2d Cir. Mar. 22, 2022) (quoting Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008)).  Such circumstances are not present here because, as discussed above, Ferreira received clear notice of the requirement that he file any written objections to the Distribution Motion.  See id. at *2 (district court "did not abuse its discretion in finding that [plaintiff]'s lack of diligence prevented her from meeting the excusable neglect standard") (citing Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250 (2d Cir. 1997) ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect.")).

Thus, the Court concludes that the Bankruptcy Court did not abuse its discretion in denying reconsideration under Rule 60(b).

## C.    The Bankruptcy Court's Treatment of Ferreira's Reply

Finally, Ferreira contends that the Bankruptcy Court's refusal to consider his reply memorandum of law and reply affidavit, (R. 208–37, 238–46), under Federal Rule of Evidence

408, was "clearly erroneous, legally and factually," because the memorandum contained no Rule 408 material and the affidavit contained only limited Rule 408 material.  (Appellant Br. 35.)

Even assuming, _arguendo_, that some or all of the evidence in Ferreira's reply papers was admissible and not precluded by Rule 408, Ferreira still would not prevail.  Even if admissible, that evidence only would have been relevant as extrinsic evidence if the terms at issue in the Ferreira Stipulation—the "IRS Claims" and "NYS Claim"—were ambiguous.  However, as stressed repeatedly above, the Ferreira Stipulation and Distribution Motion (1) clearly and unambiguously define the IRS Claims and NYS Claim, and (2) authorize the Trustee to pay only those specific amounts.[3]

## IV.    CONCLUSION

For the reasons stated above, the Bankruptcy Court's Reconsideration Order is AFFIRMED.  The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:  April 4, 2023
Central Islip, New York

                            /s/   (JMA)
                            _____
                            JOAN M. AZRACK
                            UNITED STATES DISTRICT JUDGE

---

[3]    Additionally, because Ferreira raised this argument and evidence for the first time in his reply brief—especially when he could have raised it in his opening brief—there was ample reason for the Bankruptcy Court not to consider it.  See Pettaway v. Nat'l Recovery Solutions, LLC, 955 F.3d 299, 305 n.2 (2d Cir. 2020) (argument raised for the first time in reply was waived) (citing Conn. Bar Ass'n v. United States, 620 F.3d 81, 91 n.13 (2d Cir. 2010) ("Issues raised for the first time in a reply brief are generally deemed waived."); Fisher v. Kansas, 487 F. Supp. 2d 270 (E.D.N.Y. 2007) (same) (citing cases), aff'd, 288 F. App'x 721 (2d Cir. 2008).